UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-20895-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DAVID ROTHMAN,

    Defendant.
_____/

### ORDER GRANTING PRELIMINARY MOTION TO DETERMINE COMPETENCY AND ORDERING AN EVALUATION PURSUANT TO 18 U.S.C. 4241

Presently pending before this Court is the Preliminary Motion to Determine Competency to Stand Trial filed by counsel for Defendant DAVID ROTHMAN (DE # 166, filed 12/30/08).  This motion has been referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro, United States District Judge (DE # 174).  Several preliminary hearings/status conferences have been held in connection with this motion, and the undersigned Magistrate Judge has also considered the mental health reports of Jeffrey Gelblum, M.D., Barry Crown, Ph.D., Kenneth Fischer, M.D., and, Michael Rappaport, Ph.D., which were filed under seal (DE # 243).  Based upon a review of those reports and the arguments of counsel, and noting that although the government does not agree that a competency evaluation is necessary, it does not oppose a court-ordered evaluation, the undersigned has determined that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect such that he is mentally incompetent to the extent that he is unable to assist properly in his defense, and therefore the motion is granted.

    Title 18, United States Code, Section 4241(a), provides that the Court shall order a

hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  The Court has the authority to order that a psychiatric or psychological examination be conducted, and that a report be filed with the court, prior to the date of such hearing.  18 U.S.C. § 4241(b).  This examination, report, and hearing are to be conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247.  18 U.S.C. §§ 4241(b), 4241(c).

Psychiatric and psychological examinations are governed by 18 U.S.C. § 4247(b), which provides in pertinent part:

> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner.  Each examiner shall be designated by the court. . . .

Pursuant to 18 U.S.C. § 4247(c), report of examination shall include:

> (1) the person's history and present symptoms;
> (2) a description of the psychiatric, psychological, and medical tests that were employed and their results;
> (3) the examiner's findings; and
> (4) the examiner's opinions as to diagnosis, prognosis, and–
>     (A) . . . whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Based upon a review of the record as a whole, including the belief expressed by defense counsel as an officer of the Court that he does not believe the defendant is able to adequately assist in his defense, which is sufficiently corroborated by the mental

health reports, the undersigned finds that there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect that may render him incompetent to stand trial.

The government proposed that the defendant be evaluated by Enrique Suarez, Ph.D., and the defendant did not oppose this request.  In addition, at a status conference held on February 3, 2009, defense counsel advised the Court that an additional report was being prepared by Dr. Eisenstein, and agreed to send a copy of that report to government counsel and the undersigned Magistrate Judge (facsimile # 305-523-5939) when it is prepared.  Pursuant to the order of this Court, that report will also be furnished to Dr. Suarez for his consideration in preparing his report.  Dr. Suarez shall furnish a copy of his report to government counsel, defense counsel, and the chambers of the undersigned Magistrate Judge as soon as it is completed.

In recognition of the need to move expeditiously based upon the trial date, and based upon the verbal ruling of the Court at a status conference on Friday, January 30, 2009, the examination of defendant Rothman by Dr. Suarez began on February 2, 2009, and is scheduled to be completed today.  In addition, the parties have confirmed dates of availability for all witnesses.  The hearing will commence with the defendant's expert witnesses on Tuesday, February 10, 2009 at 9:00 a.m., at which time Dr. Crown, Dr. Eisenstein, Dr. Fischer, and Dr. Gelblum will testify.  The hearing will continue on Thursday, February 12, 2009 at 9:00 a.m., with Dr. Rappaport, followed by Dr. Suarez at 10:30 a.m.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Preliminary Motion to Determine

**Competency to Stand Trial is GRANTED. Enrique Suarez, Ph.D. is hereby appointed to conduct a psychological examination of the Defendant, David Rothman. The Defendant shall be evaluated to determine his competency to understand the proceedings in this Court, pursuant to 18 U.S.C. §§ 4241, 4247(b). The cost for this evaluation is to be borne by the Department of Justice. See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart (Administrative Office of the United States Courts). The report shall conform to the requirements of 18 U.S.C. § 4247(c), and shall be furnished to government counsel, defense counsel and the Court.   It is further**

**ORDERED that this matter is set for a competency hearing on February 10, 2009, and February 12, 2009, in the 8th floor courtroom at 301 N. Miami Ave., Miami, Florida 33128, as set forth in the body of this Order. The presence of defendant David Rothman is required. If the issues to be resolved are narrowed such that any or all witnesses can be eliminated and/or the hearing can be shortened, the parties shall notify the chambers of the undersigned Magistrate Judge as soon as possible.   It is further**

**ORDERED AND ADJUDGED that the Government's Motion for Extension of Time to File Response (DE # 211) is DENIED AS MOOT.**

**DONE AND ORDERED in chambers in Miami, Florida, on February 3, 2009.**

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record via CM/ECF**