UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20895-CR-UNGARO

UNITED STATES OF AMERICA

v.

DAVID ROTHMAN,

      **Defendant.**

_____/

**UNITED STATES' MEMORANDUM OF LAW
REGARDING COMPETENCY DETERMINATION**

    The United States of America, by and through the undersigned counsel, hereby submits this memorandum of law regarding the determination of defendant Rothman's competency to stand trial.

    18 U.S.C. § 4241 states as follows:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him ***mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense***, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility --
>
> (1)     for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2)     for an additional reasonable period of time until--
>
>     (A)     his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
>     (B)     the pending charges against him are disposed of according to law;

> whichever is earlier.
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d) (emphasis added). Thus, Section 4241(d)(1) states the incompetency standard as a defendant being "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." The statute adopts, *see* United States v. Wiggin, 429 F.3d 31, 36 n.8 (1st Cir. 2005), the competency test articulated by the Supreme Court in Dusky v. United States, 362 U.S. 402 (1960) (per curiam). Dusky states the test as "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding fo the proceedings against him." Id. at 402; *see also* United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) ("The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'") (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).

At issue before the Court is whether Rothman possesses the ability to assist properly in his defense (statutory language) or consult with counsel with a reasonable degree of rational understanding (Dusky language). As an initial matter, the burden of proof as to Rothman's incompetence rests with Rothman. Although the former Fifth Circuit placed the burden on the government of proving the defendant's competence, *see, e.g.,* United States v. Makris, 535 F.2d 899, 906 (5th Cir. 1976), those cases were decided under the former 18 U.S.C. § 4244. Under the statue applicable here, 18 U.S.C. § 4241(d), the Eleventh Circuit has suggested that there may be a different

result. In United States v. Izquierdo, 448 F.3d 1269 (11th Cir. 2006), the Eleventh Circuit held that a defendant bears burden of proving lack of competence if he moves to withdraw his guilty plea on that basis. In dicta, the court stated that Section 4241(d) "arguably contemplates that the burden will lie with the party making the motion for determination of competency." Id. at 1276.[1] Rothman made the instant motion. Therefore, the burden of proof as to incompetence rests with him.[2] The standard of proof is preponderance of the evidence. *See* 18 U.S.C. § 4241(d); Cooper v. Oklahoma, 517 U.S. 348, 362 (1996) ("Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence.").

In determining whether a defendant is incompetent, the fact that the defendant may be mentally ill is not the issue. As the Eleventh Circuit has stated:

> [N]ot every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. Similarly, neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.

Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citations an internal quotation marks omitted); *see also* United States v. Diaz, 07-20398-CR-UNGARO, 2008 WL 2620726, *7 (S.D. Fla. June 30, 2008) (O'Sullivan, J.) ("Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a

---

[1] Other circuits are split on this issue. *Compare, e.g.,* United States v. Morgano, 39 F.3d 1358, 1273 (7th Cir. 1994) (burden on defendant), *with* United States v. Hutson, 821 F.2d 1015, 1018 (5th Cir. 1987) (burden on government).

[2] In any event, "[t]he allocation of the burden of proof to the defendant will affect competency determinations only in a narrow class of cases where the evidence is in equipoise; that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent." Medina v. California, 505 U.S. 437, 441 (1992) (interpreting state law).

defendant can be found incompetent to stand trial without being mentally ill.") (internal quotation marks omitted).

Nor is the issue whether a defendant actually has Alzheimer's disease or dementia. In <u>United States v. Hogan</u>, 986 F.2d 1364 (11th Cir. 1993), the Eleventh Circuit affirmed the trial court's determination that a defendant with Alzheimer's-type symptoms was competent to stand trial. In <u>Hogan</u>, the defendant's psychiatric expert testified that "superficially" the defendant was aware of his surroundings and appeared competent, but that "for complex issues, areas that require critical thinking and abstract reasoning," the defendant was incompetent. <u>Id.</u> at 1373. The trial court found the defendant to be competent, citing the testimony of the prosecution's competency expert:

> [The doctor] testified at [the defendant's] competency hearing that [the defendant] did have a rational understanding of his position and the proceedings against him, as well as an ability to rationally consult with his attorney. [The defendant] was able to understand [the doctor's] questioning and competently describe actions and events prior to his arrest. In his interview with [the doctor], [the defendant] quite capably offered an adequate interpretation and discussed his disagreement with the proverb: "two heads are better than one." [The doctor] testified that [the defendant had some minor organic defects which led to simple forgetfulness associated with old age. This forgetfulness was characterized as a difficulty with dates and continuity, but is not the type of disorientation required for a finding of incompetence.

Id. at 1372-73.

The Eleventh Circuit's holding in <u>Hogan</u> is consistent with at least one other court that has considered the question of competency with respect to a defendant with Alzheimer's. In <u>United States v. Liberatore</u>, 846 F. Supp. 569 (N.D. Ohio 1994), the court wrote that "[m]ere diagnosis of a mental disease or defect, especially ones like Alzheimer's or depression, does not dictate a finding of incompetency. The diagnosis is the starting point, not the endpoint." <u>Id.</u> In that case, the court stated that the expert it found most credible "readily conceded that the defendant [was] significantly

impaired." Id. at 579. The court continued, "[h]owever, it is also clear that his medical diagnosis of significant impairment is not equivalent to a legal finding of incompetency. [The doctor] testified that with patience and diligence, [the] defendant could probably interact with counsel and assist them by providing information as well as making broad decisions relating to his defense." Id. at 579-80. The court concluded, "While the defendant could probably never master the details of and subtleties of the Sentencing Guidelines, he is not required to do so." Id. at 580.

Indeed, it is important to remember that the competency standard is a relatively low one, with "a modest aim." Godinez v. Moran, 509 U.S. 389, 402 (1993). As such, an unintelligent or inarticulate defendant will always lack advantages in testifying, but that does not constitute unconstitutional unfairness. Similarly, the fact that a defendant with cognitive deficiency due to Alzheimer's disease, or any other cause, may not testify as effectively as another person, or as effectively as that very defendant five years previous, does not compel a finding of incompetence. See Liberatore, 846 F. Supp. at 581 ("The mere fact that a defendant sometimes has to pause to find the correct word or uses words which convey his thoughts though they are not grammatically correct does not render him incompetent."). Nor is there authority requiring "that the defendant be able to assist his attorney in crafting cross-examination or developing strategy to be found competent." United States v. Butterfly, 72 F.3d 136, 1995 WL 729484, *2 (9th Cir. 1995) (unpublished). "The fact that a defendant might not understand the proceedings unless they are explained to him in simple language would put an additional burden upon counsel, but certainly does not establish that the defendant is incompetent to stand trial." United States v. Housh, 89 F. Supp. 2d 1227 (D. Kan. 2000) (quoting United States v. Glover, 596 F.2d 857, 867 (9th Cir. 1979)).

As the Eleventh Circuit stated in Hogan:

> The district court found that the minor defects in [the defendant's] cognitive abilities did not render him incapable of providing rational assistance to his attorney. ***Even perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers. That level of comprehension is not a requirement of competency.*** All that is required is that [the defendant] had a rational as well as factual understanding of the proceedings against him and had sufficient present ability to consult with his attorney with a ***reasonable*** degree of rational understanding.

Hogan, 986 F.2d at 1373 (emphasis added). Thus, the Eleventh Circuit does not require that a defendant be able to consult with his lawyer with an "ideal" degree of rational understanding, only that it be "reasonable." See also United States v. Robinson, 253 F.3d 1065, 1068 (8th Cir. 2001) ("Due process mandates that [the defendant] was entitled to consult with his lawyer with a reasonable degree of rational understanding and therefore be accorded a fair trial – not a perfect trial. Although [the defendant's] cognitive deficits may have placed additional responsibility on his counsel to ensure [the defendant's] understanding of the process, it certainly does not establish that he was incompetent to stand trial.").

In cases involving defendants with amnesia, the Eleventh Circuit, and other courts, look at a number of factors, including: (1) the defendant's ability to take the stands and testify and otherwise participate in his defense; (2) whether the amnesia is temporary or permanent; (3) whether the crime and the defendant's whereabouts can be properly reconstructed without the defendant's testimony, including any facts giving rise to a defense; (4) whether access to government files would aid in preparing for trial; and (5) the strength of the government's case against the defendants. See United States v. Renchack, 820 F.2d 1557, 1569 (11th Cir. 1987) (citing cases).

Finally, in instances where a defendant's deficits do not render him incompetent, courts have

found that certain accommodations during trial are appropriate to aid the defendant at trial, including "proceed[ing] slowly and provid[ing] frequent breaks so that his attorney could explain the proceedings to him." Butterfly, 1995 WL 729484 at *1; *accord* United States v. Marsee, 2006 WL 1464788, *6 (E.D. Ky. May 22, 2006); Housh, 89 F. Supp. 2d at 1231.

At the conclusion of the evidentiary hearings, the United States will make further argument to the Court that the facts, when applied to the law discussed above, require that Rothman be found to be competent to stand trial.

                                               Respectfully submitted,

                                               R. ALEXANDER ACOSTA
                                               United States Attorney

                                               By:   /S                          
                                               JOHN S. DARDEN
                                               ASSISTANT CHIEF
                                               Court I.D. No. A5501115
                                               KIRK OGROSKY
                                               DEPUTY CHIEF
                                               Court I.D. No. A0544469
                                               CHARLES D. REED
                                               TRIAL ATTORNEY
                                               Court I.D. No. A5501295
                                               CRIMINAL DIVISION, FRAUD SECTION
                                               U.S. DEPARTMENT OF JUSTICE
                                               1400 New York Avenue, NW
                                               Washington, D.C. 20005
                                               Tel:  (202) 203-9920 (cell)

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on February 11, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Dated: February 11, 2009

>      By:   /S                   
>      JOHN S. DARDEN