**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  08-20895-CR-UNGARO/SIMONTON**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**

**DAVID ROTHMAN,**

      **Defendant.**

&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;/

**ORDER GRANTING GOVERNMENT'S MOTION, IN PART, TO CONDUCT**
**INPATIENT EVALUATION TO DETERMINE COMPETENCY**
**TO PROCEED TO SENTENCING**

      **Presently pending before this Court is the Government's Motion for a 120-Day Inpatient Evaluation to Determine Competency to Proceed to Sentencing (DE # 527).  This Motion has been referred to the undersigned Magistrate Judge by the Honorable Ursula Ungaro, United States District Judge (DE # 534).  The Defendant has responded in opposition (DE # 548), and the Government has replied (DE # 549).  A hearing on this Motion was held on October 6, 2009.  This Order incorporates the rulings made at that hearing.  Based upon the record as a whole, including the expert medical reports submitted to this Court, and given the nature of Dr. Rothman's condition and the concerns raised by both the Government and Counsel for the Defendant, and for the following reasons, the Government's Motion to Conduct an Inpatient Evaluation to Determine Competency to Proceed to Sentencing is GRANTED, in part.[1]**

      **I. BACKGROUND**

      **On July 16, 2009, the undersigned found, based upon then-recent mental health**

---

      [1]  **The underlying facts of the criminal allegations are set forth fully in the Order Finding David Rothman Competent to Stand Trial filed on February 19, 2009 (DE # 291).**

reports, that there was reasonable cause to believe that the Defendant in this matter, Dr.
Rothman, who had been convicted of several counts of health care fraud, might be
suffering from a mental disease or defect such that he was not competent to proceed to
sentencing in this matter, and/or was in need of custody for care or treatment in a
suitable facility (DE # 486). The Court then appointed Ranjan Duara, M.D., Medical
Director of The Wien Center for Alzheimer's Disease and Memory Disorders, to conduct
a competency evaluation of David Rothman.  On August 8, 2009, Dr. Duara authored a
Neurological Summary that concluded, in pertinent part, that based upon his review of
Dr. Rothman's medical records from several different medical providers, including an
MRI and PET Scan, as well as Dr. Duara's own neurological evaluation and examination
of Dr. Rothman, that Dr. Rothman was not competent to proceed to sentencing because
he suffers from a severe loss of insight and comprehension relating to a degenerative
brain disorder, most likely Fronto-Temporal Lobar Dementia, which is irreversible and
likely to relegate Dr. Rothman to a completely dependent state over the next several
years.  Dr. Duara also noted that an alternative possibility was atypical Alzheimer's
disease.

        In response to Dr. Duara's Report, the Government filed the instant Motion
seeking to have Defendant Rothman submit to a mental examination pursuant to 18
U.S.C. § 4241 and committing him to the custody of the Attorney General for a period of
120 days to conduct an inpatient examination at a Bureau of Prisons ("BOP") medical
facility (DE 527).  According to the Government,  Dr. Duara's report and the diagnosis
contained therein, conflict with the medical reports that were previously submitted by

2

the Defendant.[2]  Specifically, the Government asserts that the Defendant's expert physicians concluded that Dr. Rothman was suffering from Alzheimer's Disease unlike Dr. Duara who concluded, as stated above, that Dr. Rothman was suffering from a different type of dementia.  Finally, the Government contends that Dr. Duara's Report does not provide enough detail to make an "apples-to-apples" comparison with the findings of the other experts, namely Dr. Enrique Suarez, who was the court appointed expert psychologist in Dr. Rothman's prior competency proceedings.

A telephonic hearing was held on the Motion on September 9, 2009 wherein the Parties and the undersigned discussed, among other things, whether the BOP maintained a facility that would be suitable for conducting an inpatient evaluation for Dr. Rothman, given his current physical and mental condition (DE # 528).

The Defendant then filed its Response to the Government's Motion (DE # 548) wherein he objected to any commitment for purposes of a study, but alternatively indicated that it had no objection to Dr. Rothman submitting himself to a seven-day study at an agreed upon reasonably suitable (non-penal) facility. The Defendant also identified several physicians from whom Dr. Rothman is currently receiving treatment for medical issues separate from any brain and/or cognitive maladies that he may be suffering.  The Defendant asserted that removing Dr. Rothman from his current

---

[2]  The previous medical reports were submitted to the Court during the resolution of the Defendant's Motion to Determine Competency to Stand Trial (DE # 166).  After a two day hearing on that Motion where five defense experts and a court-appointed expert testified, the Court found Mr. Rothman competent to stand trial at that time (DE # 291, 336).  Dr. Rothman was then convicted  by a jury on several counts related to health care fraud (DE # 358).  Subsequent to the conviction, counsel for Dr. Rothman filed a Motion to Determine Competency to Proceed to Sentencing (DE # 452) based largely on medical reports from Dr. Rothman's physicians that indicated that his mental condition had continued to deteriorate after the determination regarding his competency to stand trial had been made.

environment for any extended period of time would hinder his overall  medical treatment and, in actuality, would only serve to incarcerate him.

In its Reply and at the hearing, the Government conceded that the relevant statute only authorizes a thirty-day commitment for evaluative purposes prior to sentencing and does not permit the court to commit the Defendant for 120 days prior to a finding of incompetency (as originally requested by the Government).  In addition, at the hearing, the Government represented that after consulting with the BOP about Dr. Rothman's condition, that the BOP facility at Rochester, Minnesota would likely be the most suitable facility for Dr. Rothman.  The Government further argued that due to the conflicting reports of Drs. Duara and Suarez and the Defendant's expert physicians, that an inpatient evaluation would be appropriate to address the discrepancies. Also, the Government asserted that an inpatient evaluation would be the most effective way of accurately evaluating Dr. Rothman's mental and physical state because the physicians who conducted the previous medical evaluations relied heavily upon anecdotal information provided by Dr. Rothman's family in reaching their diagnostic conclusions.

At the hearing, the Defendant maintained that the most suitable place for an inpatient evaluation of Dr. Rothman would be the Wien Center or alternatively, the Mayo Clinic, rather than a BOP facility.  The Defendant noted that the Defendant would pay for an inpatient evaluation at a non-BOP facility.

II.    <u>ANALYSIS</u>

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

4

nature and consequences of the proceedings against him or to assist properly in his

defense."  The Court has the authority to order that a psychiatric or psychological

examination be conducted, and that a report be filed with the court, prior to the date of

such hearing.  18 U.S.C. § 4241(b).  This examination, report, and hearing are to be

conducted and prepared in accordance with the provisions of 18 U.S.C. § 4247, which

provide in pertinent part:

> (b) Psychiatric or psychological examination.--A psychiatric
> or psychological examination ordered pursuant to this
> chapter shall be conducted by a licensed or certified
> psychiatrist or psychologist, or, if the court finds it
> appropriate, by more than one such examiner... For the
> purposes of an examination pursuant to an order under
> section 4241...**the court may commit the person to be
> examined for a reasonable period, but not to exceed
> thirty days**...**to the custody of the Attorney General
> for placement in a suitable facility.** Unless
> impracticable, the psychiatric or psychological examination
> shall be conducted in the suitable facility closest to the court.
> The director of the facility may apply for a reasonable
> extension, but **not to exceed fifteen days** under section
> 4241...upon a showing of good cause that the additional time
> is necessary to observe and evaluate the defendant.

18 U.S.C.A. § 4247(b) (emphasis added).  Thus, the language in 18 U.S.C.A. § 4247 makes

clear that a court may commit a person to the custody of the Attorney General to be

examined pursuant to § 4241, which governs the procedures for determining

competency prior to sentencing, for a reasonable period of time not to exceed thirty

days, unless an extension is granted to the facility for an additional fifteen days.  Thus, it

is manifest under the statute that the undersigned may not commit the Defendant for an

examination for more than forty-five days prior to a finding of mental incompetence.

Thus, as the Government has conceded, its original request for a 120-day evaluation

must be denied.  In addition, the relevant statutes provide that the person should be committed for a reasonable period not to exceed thirty days, thus the Court has the discretion to commit the person to a time less than the thirty days allowed, if appropriate, and if a determination may be made prior to that time.

In this case, the undersigned concurs that the evaluations of Dr. Rothman vary in methodology and ultimate diagnosis and therefore cause difficulty in obtaining a complete and accurate assessment of the extent of Dr. Rothman's cognitive functioning and his prognosis related to that functioning.  Thus, pursuant to 18 U.S.C.A. § 4247, an inpatient short-term evaluation of Dr. Rothman would be of assistance to the court to determine whether the Defendant is competent to proceed to sentencing.  In addition, the Government's concerns regarding the accuracy of the evaluations provided by the expert physicians in this matter, to the extent that they rely upon assessments made by the Defendant's family and/or friends, are warranted.  This is not to suggest that Dr. Rothman's family members in any way exaggerated or otherwise fabricated their accounts of Dr. Rothman's condition.  However, it is not unreasonable to assume that the impressions of family members are subjective and are likely to be strongly influenced by their memories of Dr. Rothman when he was not saddled with the medical and mental conditions from which he now suffers.  It is therefore, necessary for an objective evaluation of Dr. Rothman's legal competency to be made in a clinical setting where he may be observed for long periods of time by objective observers rather than the relatively brief encounters that he has had with treating and/or expert physicians or the subjective assessments of family members.

In addition, although the Defendant's counsel has requested that Dr. Rothman be evaluated at a non-BOP facility, counsel failed to demonstrate to the undersigned that

the Wien Center is capable and equipped with medical staff that would be able to conduct a complete forensic examination and provide a forensic diagnosis of Dr. Rothman.  Similarly, there is no indication that the Mayo Clinic will be able to immediately provide a forensic analysis of Dr. Rothman in order that this matter may be resolved expeditiously.  Moreover, defense counsel concurred with the belief of the undersigned that the Mayo Clinic itself has no inpatient facility.  However, as the Government pointed out at the hearing, the Mayo Clinic provides services to the BOP facility in Rochester, Minnesota.   Also, the undersigned considers the fact that Dr. Rothman has been convicted on several counts of health fraud in this matter and thus any concerns related to a person being committed to a BOP facility prior to a trial or conviction are somewhat mitigated in this case; although the undersigned recognizes that if the District Court finds grounds for a downward departure from the advisory Sentencing Guidelines, it is theoretically possible for him to receive a probationary sentence.  In this case, the undersigned finds that ten days should be a sufficient period of time to observe and evaluate Dr. Rothman's condition in an inpatient setting.  To avoid an unnecessary commitment, and recognizing that the BOP is understaffed and therefore sometimes requires additional time to designate the appropriate facility to conduct an examination and for the examination to be completed, the undersigned has determined that is it appropriate to permit Dr. Rothman to self-surrender to the designated facility when the Bureau of Prisons is ready to commence the evaluation. The Government stated that it had no objection to a self-surrender provided that the BOP was able to accommodate this request.  In addition, the Government had no objection to a ten-day limit provided that an extension could be granted if the BOP demonstrated that an extension was necessary to complete the evaluation.

7

III.     **CONCLUSION**

Therefore, it is hereby

**ORDERED AND ADJUDGED** that the Government's Motion for a 120-Day

Inpatient Evaluation to Determine Competency to Proceed to Sentencing (DE # 527) is

**GRANTED**, in part.  It is further

**ORDERED AND ADJUDGED**, pursuant to 18 U.S.C.A. § 4241(b) and § 4247(a)(2),

(b), that Dr. David Rothman be committed  to the custody of the Attorney General for

placement in a suitable Bureau of Prison facility for a psychiatric forensic evaluation for

a reasonable period of time not to exceed ten (10) days, and only to the extent necessary

to render an opinion, diagnosis and prognosis regarding Dr. Rothman's current

psychiatric state.  Dr. Rothman shall not remain in custody beyond the time necessary to

make the psychiatric evaluation, and upon completion of the examination, he shall be

released without further order from this Court.  However, the director of the Bureau of

Prison facility may apply to this Court for a reasonable extension of time to complete the

evaluation of Dr. Rothman in order to reach a comprehensive and accurate assessment

of his condition. The Court notes that the Government has represented that Medical Staff

at the Mayo Clinic is available for consultation with the Bureau of Prison facility and the

Court approves this use, if deemed appropriate by Bureau of Prison staff.  It is further

**ORDERED AND ADJUDGED** that both Parties may submit to the designated

facility whatever records they believe are necessary and/or appropriate for the evaluation;

and the facility may request the Parties to provide records deemed necessary to complete

the evaluation.  It is further

**ORDERED AND ADJUDGED** that the Bureau of Prisons shall designate a

suitable facility to conduct the ten day inpatient evaluation of Dr. Rothman and shall determine a date certain that the inpatient evaluation shall commence.  The Government shall give Dr. Rothman reasonable notice as to the date and time that the evaluation will commence in order that Dr. Rothman does not spend additional time at the facility awaiting an evaluation.  Dr. Rothman shall self-surrender, at his own expense, to the designated facility, at the time designated by the Government.

In addition, based upon the particular nature and characteristics of Dr. Rothman's diagnosis and the concerns raised by Counsel for the Defendant, the undersigned recommends that the Attorney General place Dr. Rothman at the Bureau of Prison facility located in Rochester, Minnesota. This recommendation is based upon the representations made by the Government that the Bureau of Prisons facility in Rochester, Minnesota is equipped with appropriate medical personnel with the requisite training, including training in forensic psychiatry, as well as the medical equipment and accommodations suitable to provide Dr. Rothman with the medical treatment that he requires, including any treatment or monitoring of medical conditions that exist independent of his psychiatric condition.  It is also

**ORDERED AND ADJUDGED** that the cost for this evaluation is to be borne by the Department of Justice.  See Guide to Judicial Policy & Procedure, vol. VII, chap. III, Part B, § 3.11(B) & Summary Chart (Administrative Office of the United States Courts). Upon completion of the evaluation a comprehensive report shall be prepared that conforms to the requirements of 18 U.S.C. § 4247(c), and shall include the following information:

(1) David Rothman's history and present symptoms;

(2) a description of the psychiatric, psychological, and

9

medical tests and observations that were employed and their

results;

(3) the evaluating physicians' findings and opinions as to

diagnosis and prognosis as to whether David Rothman is

suffering from a mental disease or defect; and

(4) if David Rothman is suffering from a mental disease or defect,

whether it renders him mentally incompetent to the extent that he is unable

to understand the nature and consequences of the proceedings against

him or to assist properly in his defense, and, if so, whether the condition is

likely to improve with treatment.

A copy of this report shall be furnished to the Court by email to

Simonton@flsd.uscourts.gov  or by facsimile to 305-523-5939, and the Court will then file

the report under seal and provide a copy to Government counsel and Defense counsel.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 16, 2009.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
The Honorable Ursula Ungaro, United States District Judge
All counsel of record via CM/ECF